UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN ARGUETTA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ESSEX, *et al*,<br><br>Defendants. | Civil Action No. 23-206 (JXN) (ESK)<br><br>OPINION |

**NEALS**, District Judge:

This matter comes before the Court on the motion to dismiss [ECF No. 6] filed by the County of Essex ("Essex County" or "County"). Essex County seeks to dismiss Plaintiff's Complaint against the County with prejudice. The deadline for Plaintiff to submit opposition papers was May 22, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose the County's motion to dismiss. Accordingly, this Court reviews the motion as unopposed. The Court has carefully considered the parties' submissions (Plaintiff's Complaint and the County's motion to dismiss) and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Essex County's motion to dismiss [ECF No. 6] is **GRANTED** and all claims against Essex County are **DISMISSED without prejudice**.

I.   BACKGROUND

The factual allegations contained within the Complaint are sparse, but from them the Court discerns the following. Plaintiff's Complaint arises from the arrest and subsequent prosecution of Plaintiff for charges related to murder, attempted murder, aggravated assault, and conspiracy,

among other charges. Compl. at 4.[1] Plaintiff claims that the arrest and prosecution were in direct violation of the "Extradition Treaty agreed to by both [sic] the U.S. Department of State, the Department of Justice, and the Essex County Prosecutor's Office." *Id.* Following his prosecution, Plaintiff was acquitted on all charges except for the conspiracy charge, which was subsequently dismissed. *Id.* As a result of Plaintiff's arrest and prosecution, Plaintiff seeks compensatory and punitive damages, attorney's fees, and compensation for loss of liberty, anxiety, emotional distress, psychological harm caused to him and his family, among other damages. *Id.* at 4, 12.

On January 17, 2023, Plaintiff filed this civil rights action asserting numerous claims under 42 U.S.C. § 1983 against the following Defendants: U.S. Department of Justice, County of Essex, Essex County Prosecutor's Office, Acting Essex County Prosecutor Theodore Stephens ("Ted Stephens"), Assistant Prosecutor Justin Edwab ("Justin Edwab"). Compl. On May 5, 2023, Defendant Essex County filed a motion to dismiss, arguing that the County was not liable for the actions of the Essex County Prosecutor's Office. ECF No. 6-1. Plaintiff did not file a brief in response.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), the defendant may move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering the motion, the court assumes the truth of the facts alleged and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, the allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Id.*

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

The complaint will only survive dismissal if it provides factual allegations that support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under this standard, the Third Circuit requires a three-part inquiry: (1) the court must recite the elements that are required under the relevant causes of action; (2) the court must ascertain the allegations in the complaint that are conclusory and unqualified for an assumption of truth; and (3) the court must assume the truth of the factual allegations in the complaint and assess the plausibility of the claims for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Ultimately, the complaint "must do more than allege the plaintiff's entitlement to relief"—it "has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III.   DISCUSSION

As best the Court can construe, Essex County asserts that it is not liable for the actions of the Essex County Prosecutor because any actions undertaken by a county prosecutor's office in its criminal capacity are considered State actions rather than County actions. ECF No. 6-1 at 7. Since Plaintiff's Complaint is premised upon the allegedly wrongful conduct of the Essex County Prosecutor's Office (wrongful prosecution of Plaintiff), Essex County submits that the claims against them must be dismissed. *Id.*

County prosecutors, when performing prosecutorial functions, are deemed to be state officials. "Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, 'they act as agents of the State,' and the State must indemnify a judgment arising from their conduct." *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Wright v. State*, 778 A.2d 443, 461–62, 464 (2001)); *see also Kelley v. Edison Twp.*, 377 F.Supp.2d 478, 486 (D.N.J. 2005) (reasoning that county prosecutors, who

can be superseded by the Attorney General in an investigation, "are considered agents of the State because of the constitutional and statutory scheme under which they operate"). "So long as a county prosecutor is discharging core prosecutorial functions, he or she is acting as a State, not a County, official and the County cannot be held vicariously liable." *Herbert v. Cnty. of Essex*, No. 19-cv-20409(KM)(ESK), 2020 WL 4218411, at *3 (D.N.J. July 23, 2020).

Plaintiff's Complaint makes no specific allegations against Essex County itself. Thus, the Court construes the Complaint to be asserting vicarious liability against the County based on the actions of Ted Stephens and Justin Edwab. Although Stephens' and Edwab's actions are not directly referenced in the Complaint, it appears that Plaintiff claims he was improperly arrested and prosecuted by these Defendants. This alleged conduct falls within the sort of conduct contemplated by *Hyatt* – namely, their prosecutorial function. Thus, the Court is satisfied that Ted Stephens and Justin Edwab were acting within their function as State officials at the time of the alleged misconduct. The County, therefore, cannot be held vicariously liable for any alleged wrongdoing by Ted Stephens and Justin Edwab. Accordingly, any claims against Essex County are dismissed without prejudice.

IV. CONCLUSION

For the reasons set forth above, the motion to dismiss [ECF No. 6] is **GRANTED** and all claims against Essex County are **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.[2]

    DATED: June 20, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] The Court is compelled to comment on the County's brief in support of its motion to dismiss. The brief lacks sufficient legal analysis. The County's brief cites only *Wright v. State*, 778 A.2d 443 (2001), and neither discusses the facts of *Wright* nor includes any analysis of how this Court has applied the reasoning of *Wright* to similar cases before the Court.