UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN ARGUETA, <br><br> Plaintiff, <br> v. <br><br> STATE OF NEW JERSEY, *et al.*, <br><br> Defendant. | Civil Action No. 23-206 (JXN) (CLW) <br><br> **OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Essex County Prosecutor's Office (the "Prosecutor's Office"), State of New Jersey, Acting Prosecutor Theodore Stephens, II, and Assistant Prosecutor Justin Edwab's (collectively, the "Defendants'") unopposed motion to dismiss Plaintiff Marvin Argueta's ("Plaintiff's") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 32). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391, respectively. The Court has carefully considered Defendants' submission and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 32) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff has 30 days to file a motion for leave to amend. If Plaintiff fails to do so, dismissal may be converted to **with prejudice**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On January 17, 2023, Plaintiff filed the Complaint alleging four causes of action for violations of 42 U.S.C. § 1983. Plaintiff alleges in pertinent part that he was arrested, prosecuted, and "spent ten additional months in jail" in "direct violation of the Extradition Treaty" to which

the Prosecutor's Office is a signatory. (Compl. at 4). As a result, Plaintiff seeks damages for purported civil rights violations.

On May 5, 2023, Defendant County of Essex ("Essex County") filed an unopposed motion to dismiss. (ECF No. 6). On June 20, 2023, the undersigned granted the motion, dismissing the Complaint against Essex County without prejudice. Plaintiff did not file an amended complaint.

On September 7, 2023, Defendants filed an initial motion to dismiss (ECF No. 25), which this Court administratively terminated for failure to comply with the Court's Individual Rules and Procedures concerning dispositive motion practice. (ECF No. 26). On September 11, 2023, Defendants requested a pre-motion conference (ECF No. 27) that Plaintiff did not oppose. On December 19, 2023, Defendants renewed their request for a pre-motion conference (ECF No. 30), which Plaintiff similarly did not oppose.

On December 21, 2023, the undersigned entered a Text Order that directed Defendants to proceed with the motion to dismiss. (ECF No. 31). On December 22, 2023, Defendants filed the pending unopposed motion to dismiss. This matter is now ripe for consideration.

II.     **LEGAL STANDARD**

   A.     **Rule 12(b)(1)**

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer,* 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, [] apart from any pleadings." *Mortensen*, 549 F.2d at 891.

### B.     Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    DISCUSSION

Because the Complaint is procedurally deficient and fails to state a claim upon which relief may be granted, it is dismissed without prejudice.

Rule 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted).  Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires Plaintiff to set forth claims for relief that include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]"  8(d)(1) calls for each allegation in the Complaint to be "simple, concise, and direct[,]" and 10(b) requires claims to be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Based on the face of the Complaint, the pleading violates the preceding Rules.

Additionally, the Court is unable to discern "whether the Complaint has properly set forth common law tort claims[,]" and whether such claims are barred by N.J.S.A. 59:1-1, *et seq.* (the

"Tort Claims Act"). (ECF No. 32 at 33, 35).[1] Further, whether a two-year statute of limitations applies to Plaintiff's claims (*Id.* at 39-40) requires Plaintiff to allege whether the basis of his claims is the date his indictment was dismissed or some other date. (Compl. at 4). To be sure, the only dates alleged are: (i) March 18, 2020—the jury trial verdict; and (ii) January 14, 2021—the date the Prosecutor's Office dismissed the indictment. (*Ibid.*). Accordingly, the Complaint is dismissed without prejudice.

## IV.     CONCLUSION

For the reasons set forth above, For the reasons set forth below, Defendants' motion to dismiss (ECF No. 32) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

DATED: 7/8/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] The Court refers to the ECF page numbers.